442 A.2d 1158

VEND–A–MATIC, INC., Appellant,

v.

FRANKFORD TRUST COMPANY and Fotias H. Malitas.

Superior Court of Pennsylvania.

Argued Dec. 4, 1980.

Filed March 12, 1982.

494

Milton Becket, Philadelphia, for appellant.

H. Kenneth Tull, Philadelphia, for appellees.

Before PRICE, WATKINS and MONTGOMERY, JJ.

WATKINS, Judge:

This case comes to us on appeal from the Court of Common Pleas of Philadelphia and involves plaintiff-appellant's appeal from an order of the trial court which granted summary judgment to the defendants.

Plaintiff-appellant had filed a Complaint to Quiet Title against both defendants on August 23, 1978 alleging that through the willful and deliberate conduct of the defendant-bank, plaintiff never had received notice of a Sheriff's sale of a piece of real estate which the plaintiff owned. Plaintiff requested that the Sheriff sale of the real estate be set aside, that the Sheriff's deed conveying the real estate be cancelled and that plaintiff be declared the owner of same. Both defendants filed motions for summary judgment independent of each other. Both motions were ultimately granted and plaintiff has appealed from the order of court granting said summary judgments.

The real estate in question, situated at 5233–45 Torresdale Avenue, Philadelphia, Pennsylvania was acquired by the plaintiff on January 18, 1974. Plaintiff obtained a $20,000 mortgage on the property through Frankford Trust Company on the same date. Plaintiff then defaulted on the mortgage by failing to pay the required monthly installments when due. The defendant bank then initiated fore-

closure proceedings on the mortgage which initially went to judgment on May 3, 1977. On May 8, 1978, the defendant bank filed a second Writ of Execution pursuant to which a Sheriff's Sale was held. The defendant bank was the successful bidder at the sale and subsequently conveyed the real estate to Malitas by deed which was recorded on August 27, 1978. Plaintiff contends that the defendant bank failed to comply with *Pa. Rule Civil Procedure 3129* and for that reason the Sheriff Sale was invalid.

*Pa. Rule Civil Procedure 3129* provides as follows:

NOTICE OF SALE. REAL PROPERTY

(a) No writ of execution to sell real property shall issue upon a judgment until the plaintiff or some person on his behalf has filed of record with the prothonotary an affidavit setting forth to the best of his knowledge, information and belief the name and last known address of the owner or reputed owner and of the defendant in judgment. A copy of the affidavit shall be delivered to the sheriff together with the writ of execution. If after a good faith investigation the name of the owner or reputed owner or his address or the whereabouts of the defendant in the judgment cannot be ascertained, the affidavit shall so state.

(b) Notice of the sale of real property shall be given by handbills, by written notice to the defendant in the judgment and the owner or reputed owner and by publication, as hereinafter provided.

(1) The handbills shall be posted by the sheriff in his office and upon the property at least twenty (20) days before the sale, briefly describing the property to be sold, its location, the improvements if any, the judgment of the court on which the sale is being held, the name of the owner or reputed owner, and the time and place of the sale. The handbill shall also include the notice of a schedule of distribution required by subdivision (c) of this rule.

(2) The written notice shall be prepared by the plaintiff and shall contain the same information as the handbills

and shall be served by the sheriff at least twenty (20) days before the sale on the defendant in the judgment if his whereabouts are known and on the owner or reputed owner if his name and address are known and on no other person, either

(a) in the manner provided for the service of a writ of summons in assumpsit, or

(b) by registered mail, return receipt requested, addressed to each one at his last known address set forth in the affidavit

as the plaintiff may direct at the time he delivers the written notice to the sheriff for service, or, if the plaintiff fails to direct, as the sheriff may elect.

(3) If the written notice is served by registered mail, service is complete when the letter is mailed, and if for any reason the letter is not delivered or claimed or if delivery is refused or if the return receipt is not executed or if the sheriff fails to receive any information from the post office respecting the letter before the date fixed for sale, the validity of the service shall not be impaired and the sale shall proceed at the time fixed in the notice. All information or material received by the sheriff from the post office respecting the letter, whether before or after the sale, shall be filed of record.

(4) Notice containing the information required by subdivision (b)(1) shall also be given by publication by the sheriff once a week for three (3) successive weeks in a newspaper of general circulation in the county and in the legal publication, if any, designated by rule of court for publication of notices, the first publication to be made not less than twenty-one (21) days before the date of sale.

(c) The notice of sale provided in subdivision (b) shall include a notice directed to all parties in interest and claimants that a schedule of distribution will be filed by the sheriff on a date specified by the sheriff not later than thirty (30) days after sale and that distribution will be made in accordance with the schedule unless exceptions are filed thereto within ten (10) days thereafter. No

further notice of the filing of the schedule of distribution need be given.

(d) If the sale is stayed or continued or adjourned generally, new notice shall be given as provided by subdivisions (b) and (c). If the sale is continued or adjourned at the direction of the plaintiff to a date certain within forty-five (45) days, and public announcement of the adjournment and new date is made to the bidders assembled at the time and place originally fixed for the sale, no new notice shall be required but there may be only one such continuance or adjournment to a date certain without new notice.

(e) Rescinded and effective Nov. 6, 1975.

Adopted March 30, 1960, effective Nov. 1, 1960; amended March 22, 1972, effective April 2, 1962; amended and effective Nov. 6, 1975; Nov. 21, 1975.

Plaintiff claims that the court below erred when it granted defendants' motions for summary judgments because there existed a material issue of fact as to whether the notice provided by the defendant bank was adequate and as to whether the Sheriff's Sale price of the property was grossly inadequate.

The record reveals that the defendant bank did provide notice of the sale by sending a certified letter regarding same to plaintiff at its corporate place of business at 5233–45 Torresdale Avenue, Philadelphia, Pennsylvania. Said letter was returned "unclaimed". However, plaintiff argues that the notice was deficient because the defendant bank had discussed many affairs of plaintiff with a John C. Berkery who resided at 22 Church Road in Elkins Park, Pennsylvania and failed to send Berkery any notice of the sale. Berkery was an officer of plaintiff, testified at his deposition that plaintiff was merely a "straw owner" and that he and his then-wife, Rosalie, were the real owners of the real estate in question, testified that he had notified defendant bank to correspond with him at his Elkins Park address and further testified that he had no notice of the Sheriff Sale. He did admit that he had failed to notify the

United States Post Office to forward plaintiff's mail from Torresdale Avenue to his Elkins Park address. Plaintiff's contention is that the defendant bank knew that Berkery was involved with the plaintiff, had dealt with Berkery before regarding the plaintiff, knew or should have known of Berkery's address, and therefore, did not provide adequate notice of the Sheriff Sale to plaintiff when it merely sent a certified notice of same to plaintiff's corporate address but failed to notify Berkery. The plaintiff also claims that the sale price was grossly inadequate because the bank bought in the real estate at the Sheriff Sale for $2475, its costs, and then resold it to Malitas for $35,000. The plaintiff claims the property is worth $65,000 to $80,000. Plaintiff also claims that the Sheriff Sale and subsequent sale to Malitas constituted a fraudulent conspiracy between the defendant bank and the defendant Malitas.

■ A motion for summary judgment should be granted only in cases where there exists no genuine issue as to any material fact and where the moving party is entitled to judgment as a matter of law. *Pennsylvania Rule of Civil Procedure 1035(b).*

■ Turning to plaintiff's last argument we find that there is no genuine issue as to any material fact regarding plaintiff's claim that the defendant bank and defendant Malitas had entered into any type of fraudulent conspiracy to plaintiff's detriment. The record reveals that Malitas had been attracted to the real estate when he saw a "For Sale" sign thereon after the Sheriff Sale, that he didn't know who owned the real estate at that time, was not referred to the property by the defendant bank and knew nothing of the Sheriff Sale at which the defendant bank "bought in" the real estate. Berkery, in his deposition, admitted that he had no evidence of any conspiracy between the defendant bank and the defendant Malitas and stated that so far as Malitas is concerned, "we think it was all innocent". Thus, despite the allegations of a fraudulent conspiracy between the defendants alleged by the plaintiff in its complaint there is no genuine issue as to any material fact which could support

the charge. The court did not err in granting the summary judgment with respect to this contention.

The record also reveals that plaintiff purchased the real estate in 1974 for $40,000. After "buying it in" for Sheriff's costs of $2475 on a mortgage debt of $21,561.04 the defendant bank sold the premises to defendant Malitas for $35,000. The record also reveals that the premises was in a "bad neighborhood" and had been unoccupied for some time. Thus, we cannot say that the price in the Sheriff Sale was grossly inadequate as the outstanding mortgage balance must be considered in evaluating the adequacy of the sales price. Mere inadequacy of price is not a sufficient reason to set aside a Sheriff Sale. *Fidelity Bank v. Pierson*, 437 Pa. 541, 264 A.2d 682 (1970). To set aside such a sale the price must be grossly inadequate. *Capozzi v. Antonoplos*, 414 Pa. 565, 201 A.2d 420 (1964). There is no genuine issue of fact regarding the amounts set forth above. Therefore, the summary judgment is warranted on this issue. The court below, however, did not address this issue because plaintiff had failed to raise it below. A party may not raise an issue for the first time on appeal. *Herskovitz v. Vespico*, 238 Pa.Superior Ct. 529, 362 A.2d 394 (1976). Because plaintiff did not raise this issue below we will not reverse the court below for its failure to address the issue in its opinion.

Plaintiff's final argument is that the defendant bank had an obligation to see to it that John C. Berkery was notified of the Sheriff Sale. Of course *Pennsylvania Rule of Civil Procedure 3129* requires that the owner or reputed owner of the real estate be notified of the Sheriff Sale. Plaintiff, and not John C. Berkery, was the owner of the real estate and plaintiff's address, as indicated on documents filed with the Commonwealth of Pennsylvania, Department of State, was 5233–45 Torresdale Avenue, Philadelphia, PA which is exactly where the notice was sent. The certified letter containing same was never forwarded to Berkery because he had not notified the Postal Service to forward

mail for plaintiff to him. Berkery also admitted that he had been informed several times by the defendant bank that they were initiating mortgage foreclosure proceedings against the plaintiff. He further admitted informing the bank that he was in the process of attempting to sell his stock in plaintiff to a prospective buyer. Under these circumstances we cannot say that the court below erred when it granted the summary judgments. It is clear to us that plaintiff was the owner of the premises and was given proper notice of the Sheriff Sale via the certified letter of May 3, 1978 sent to plaintiff's legal address. Although the bank may have known that Berkery was involved with plaintiff as an officer and/or stockholder he had informed the bank that he was attempting to sell his stock in plaintiff. Thus, when defendant bank was confronted with the question of where to tell the Sheriff to forward the notice it wisely relied on the information that plaintiff had provided to the Commonwealth of Pennsylvania, Department of State, Corporation Bureau and had the notice sent to said address. Berkery, on the other hand, knew that mortgage foreclosure proceedings were imminent yet failed to check the mail at the real estate, failed to direct the post office to forward plaintiff's mail to him at Elkins Park and had informed the defendant bank that he was trying to sell his stock in plaintiff. He also failed to attack the Sheriff's Sale until after the deed had been delivered. After the Sheriff's deed has been delivered, the only attacks permitted on the Sheriff's Sale are those based upon fraud or on lack of authority to make the sale. *Garrison v. Erb*, 424 Pa. 306, 227 A.2d 848 (1967). Because there is nothing to support plaintiff's allegations of fraud he is foreclosed from attacking the sale on the grounds of improper notice or inadequacy of price. For all of the above reasons, we affirm the decision of the court below.

Order affirmed.

PRICE, J., did not participate in the decision of this case.