## Travelers Indemnity Company v. Dusza

*Bernard V. DiGiacomo*, for appellant.
*James D. Schaffey*, for appellee.

LOWE, *P. J.*, September 27, 1983—On July 31, 1983 Walter S. Dusza was involved in a collision while operating his 1968 Ford Pinto. He died the next day. At the time of the accident, decedent did not have "security" (insurance) on his vehicle as re-

quired by §104 of the Pennsylvania No-fault Motor Vehicle Insurance Act (40 P.S. §1009.104). Decedent's son, defendant herein, was granted Letters of Administration on his father's estate and filed an application for basic loss benefits with the Pennsylvania Assigned Claims Plan (40 P.S. §1009.108). Subject to certain exceptions, the plan provides basic loss benefits, as defined in 40 P.S. §1009.103, to claimants who have been injured in auto accidents involving an uninsured motorist or where no insurance company is obligated to pay. Claims are assigned to a participating insurance company. Under this system, an injured automobile owner is initially entitled to basic loss benefits despite failure to insure his vehicle as required by law.

Defendant's application was assigned to plaintiff, Travelers Indemnity Company, for processing. On December 15, 1981 Travelers paid defendant $16,500 in basic loss benefits. Of that amount, $15,000 represented work loss benefits and $1,500 funeral expense benefits. Travelers filed a complaint on August 9, 1982 seeking recovery of those funds alleging that, as a matter of law, §501 of the No-fault Act (40 P.S. §1009.501) entitles Travelers to subrogation against defendant for the amount of basic loss benefits distributed under the assigned claim. Defendant admitted all of the operative facts underlying this action in his answer. Plaintiff then filed a motion for judgment on the pleadings raising solely the question of law presented in its complaint. On August 3, 1983, after argument and upon consideration of the briefs of counsel, this court granted plaintiff's motion and authorized entry of judgment in favor of Travelers in the sum of $16,500. Judgment was entered August 25, 1983.

Defendant now appeals to The Superior Court of Pennsylvania alleging that: (1) the instant case was

insufficiently ripe to support a judgment on the pleadings, and (2) that the court failed to consider the principles as set forth in Ostronic v. Insurance Company of North America, 314 Pa. Super. 146, 460 A.2d 808 (1983).

Defendant's first argument is devoid of merit. Judgment on the pleadings is appropriate where no material facts are in dispute. Pennsylvania Association of State Mental Hospital Physicians, Inc. v. State Employees' Retirement Board, 484 Pa. 313 (1979). "As with a demurrer, all the opposing party's well-pleaded facts must be accepted as true." Blumer v. Dorfman, 447 Pa. 131, 137 (1972). "[O]nly those facts specifically admitted by the party opposing the motion may be considered against him." Keil v. Good, 467 Pa. 317, 319 (1976). In his answer, defendant admitted all of the facts germane to this action; no material facts are in dispute. This court recognizes that in order to succeed on a motion for judgment on the pleadings a further condition must be met: the moving party's right to prevail must be so clear that "a trial would clearly be a fruitless exercise." Bata v. Central-Penn National Bank of Philadelphia, 423 Pa. 373, 378, 224 A.2d 174 (1966), cert. denied 386 U.S. 1007 (1967). See also Goldman v. McShain, 432 Pa. 61, 247 A.2d 455 (1968).

Without question, a judgment on the pleadings was appropriate. After the pleadings were closed only a question of law remained: may an insurer who pays no-fault benefits to the estate of an uninsured owner/operator of a motor vehicle, pursuant to an assigned claim, recover such payments in an action filed under §501 of the Pennsylvania No-Fault Motor Vehicle Insurance Act? The courts of this Commonwealth have repeatedly held that §501 permits such a recovery. See Harleysville Mutual

Insurance Company v. Schuck, 302 Pa. Super. 534, 449 A.2d 45 (1982); General Accident Group v. Doctorovitz, 13 Pa. D.&C.3d 630 (1979).

Section 501 provides, in part, that the insurer obligated to pay basic loss benefits to an injured occupant of a motor vehicle, the owner of which is uninsured, "shall be entitled to recover all the benefits paid and appropriate loss or adjustments cost incurred from the owner or registrant of such motor vehicle or from his estate." (40 P.S. §1009.501) (Emphasis added). Under §501 of the No-fault Act, the uninsured owner of a motor vehicle ultimately bears the risk of loss. There are no exceptions; the liability imposed is absolute. Schuck, supra, 537; Kottler v. Rick, 12 Pa. D.&C.3d, 316, 318 (1979).

While it may appear that §501 of the act takes away the benefits awarded under §108, The Superior Court of Pennsylvania has observed that:

"It would be incongruous to allow an uninsured owner who also happens to be an occupant of his or her uninsured vehicle to receive permanently those benefits which insured owners attain by purchasing the insurance coverage mandated by the statute. Similarly, it is nonsensical to allow an uninsured owner/occupant to escape liability which has been unequivocally established for uninsured owners and to which he or she would be required to respond if the occupant were another person." Schuck, supra, 538.

The legislative purpose of the No-fault Act is to require "insurance for all motor vehicles . . . registered in Pennsylvania. . . ." (40 P.S. §1009.101 [Title of Act]). With that objective in mind, it is clear that §501 is intended to put the "defendant in the position he would be in without the benefit of the act and restores the insurance company, who is entitled to a measure of predictability, to its position

prior to the assigned claim." Doctorovitz, supra, 635. That construction of §501 is based on the following considerations:

"(1) it prevents an uninsured owner/operator from receiving a windfall by virtue of his or her defiance of the statutory mandate that all vehicles be insured; (2) it benefits, or at least treats fairly, those insured motorists whose compliance with the No-fault Act by the payment of premiums for the mandated insurance coverage makes the no-fault system possible; (3) it aids in deterring owners of motor vehicles from refusing to provide insurance coverage which has been mandated by the legislature and thereby encourages that compliance with the statute which makes the no-fault scheme possible; and (4) it places the risk of loss upon those who have deliberately refused to comply with the statute while guaranteeing that even such persons will receive prompt and comprehensive professional treatment if injured in a vehicular accident." Schuck, supra, 539.

It is immaterial that plaintiff seeks to recover basic loss benefits from the estate of an uninsured owner/operator rather than from the uninsured owner himself. §501 specifically authorizes such recovery. Additionally, this court can perceive no reason for allowing a decedent's estate to retain benefits which, had the decedent survived, he would not have been entitled to retain. To hold otherwise would subvert the goal of the No-fault Act and provide windfalls to the estates of uninsured motorists.

Defendants complains that this court erred in granting plaintiff's motion for judgment on the pleadings. In view of the above discussion, it is obvious that this court's ruling was entirely proper. Moreover, defendant has been unable to cite, and this court has been unable to find, any decisional

law supporting his position. Under these circumstances, a trial on this issue would clearly have been a "fruitless exercise." Judgment on the pleadings was correctly entered in plaintiff's favor. There was no error.

Defendant's second allegation is that this court failed to consider the principles set forth in Ostronic v. Insurance Company of North America, supra. That is true; however, defendant's contention is to no avail. Defendant neglected to raise this issue previously, either in his brief or at argument. It is well settled that matters not raised with the trial court cannot be considered on appeal. Vend-A-Matic, Inc. v. Frankford Trust Co., 296 Pa. Super. 492, 442 A.2d 1158 (1982).

Although defendant's omission is fatal to his argument, this court nevertheless feels compelled to point out that defendant's reliance on Ostronic is completely misplaced. That case in no way bolsters his position. In Ostronic, The Superior Court of Pennsylvania correctly held that, under the No-fault Act, survivors of a deceased victim have rights which are independent of the victim's estate. Ostronic, supra, 810. See also AllState Insurance Company v. Heffner, 491 Pa. 447 (1980); Smiley v. Ohio Casualty Insurance Company, 309 Pa. Super. 247, 455 A.2d 142 (1983).

Because survivor's claims were raised in the pleadings, the Superior Court in Ostronic reversed a lower court ruling dismissing those claims along with the claims made by representatives of the victim's estate. In light of the distinction drawn in that case between the claims of survivors and those of the victim's estate, defendant now attempts to cloak himself in the guise of a "survivor" lamely asserting that, "It would be the administrator of the estate who would make a claim in the nature of 'survivor'

claims, and since the right to receive payments was raised as an issue in the pleadings, a judgment should not have been entered." Regardless of precisely who should make survivor claims, the fact remains that they were never an issue in this case. Plaintiff brought this action to recover basic loss benefits against defendant as "Administrator of the Estate of Walter S. Dusza, Deceased." To permit defendant to alter the character of plaintiff's suit on appeal would be contrary to law and a gross injustice to plaintiff.

For the reasons set forth above, judgment on the pleadings was properly entered in favor of plaintiff. This court's decision should not be disturbed on appeal.