# OneWest Bank FSB v. Quach

*Louis S. Schwartz*, for appellant.

*Terrence J. McCabe, Marc S. Weisberg, Edward D. Conway* and *Margaret Gairo*, for appellee.

TUCKER, *J.*, February 12, 2013—

## I. PROCEDURAL HISTORY & FACTS

This matter comes before the court from a denial of Lee Quach's (hereinafter referred to as "appellant") motion to set-aside sheriffs sale filed in the Philadelphia County Court of Common Pleas. The relevant facts are as follows:

On March 30, 2007, appellant entered into a mortgage with IndyMac Bank FSB for a property located in Philadelphia, PA; Mortgage Electronic Registration Systems, Inc. ("MERS") served as nominee for lender IndyMac Bank FSB. Compl. filed (09/08/2009). Thereafter, MERS, as nominee for lender IndyMac Bank, assigned its interest in the subject property to OneWest Bank FSB (hereinafter referred to as "appellee"). *Id.* On September 8, 2009, appellee filed a complaint in mortgage foreclosure against appellant for the subject property. *Id.* The complaint was reinstated on October 16, 2009 and

again on November 19, 2009. Praecipe to reinstate compl. (10/16/2009); Praecipe to reinstate compl. (11/19/2009).

Appellant filed Chapter 11 Bankruptcy on January 4, 2010, triggering an automatic stay of proceedings. Answer (motion/petition) filed (08/21/2012). Appellee entered judgment by default against appellant on January 5, 2010. J. by default/final disp. (01/05/2010). On April 13, 2010, the Bankruptcy Court issued a consent order allowing appellant to make regular payments; appellant defaulted on this consent order. Answer (motion/petition) filed (08/21/2012). The Bankruptcy Court thereafter issued an order on July 21, 2010 lifting the automatic stay to allow appellee to proceed with foreclosure proceedings. *Id.* Appellee caused the default judgment against appellant to be vacated on July 29, 2010. J. vacated (07/29/2010).

On August 3, 2010, appellee reentered judgment by default against appellant. J. by default/final disp. (08/03/2010). Appellee attempted to proceed with a foreclosure sale of the subject property. Praecipe to issue writ filed (10/07/2010). The Bankruptcy Court reinstated the automatic stay at the petition of appellant on December 29, 2010. Answer (motion/petition) filed (08/03/2010). Appellant's bankruptcy case was ultimately dismissed on January 11, 2012. *Id.*

On July 31, 2012 appellant filed a petition to open judgment. Petition to open judgment (07/31/2012). Appellant filed a motion to postpone a sheriffs sale on August 1, 2012. Mot. postpone sheriffs sale (08/01/2012). The court granted the petition to postpone the sheriffs sale until October 2, 2012 on August 6, 2012. Order entered

by J. Tucker (08/06/2012). Both parties were expressly warned that this would be the final postponement of the sheriffs sale, except by agreement. N.T. at 4:12-23 (08/06/2012).

Appellant's petition to open judgment was denied by the court on September 20, 2012. Order entered by J. Tucker (09/20/2012). The sheriffs sale proceeded on October 2, 2012. Answer (mot. pet.) filed (10/26/2012). On October 5, 2012, appellant filed a motion to set-aside a sheriffs sale. Mot. set aside sheriff's sale (10/05/2012); answer (mot. pet.) filed (10/26/2012).

The court denied appellant's motion to set-aside sheriff's sale on November 21, 2012; Appellant filed a timely appeal of the court's November 21, 2012 order on December 14, 2012. Order entered by J. Tucker (11/21/2012); appeal to Superior Court (12/14/2012). The court ordered appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b) ("1925(b) statement"). On January 4, 2013, appellant filed a 1925(b) statement. Statement of matters (01/04/2013). The court will not reproduce the 1925(b) statement per its usual custom. A discussion ensues:

## II. LEGAL ANALYSIS

a. Appellant has waived all issues on appeal not properly raised in accordance with Pa.R.A.P. 1925(b).

It is well settled that when the trial court orders an appellant to submit a 1925(b) statement, it is a crucial component of the appellate process. *Commonwealth v. Lord*, 553 Pa. 415, 417 (1998). Pa.R.A.P. 1925(b) requires

that the statement of issues complained of shall be concise and set forth only those rulings or errors that appellant intends to challenge. Pa.R.A.P. 1925(b)(4)(i). This rule guards against lengthy and incoherent statements that impede appellate review. *Dorazio v. Equip. Corp. of Am.*, 2009 Phila Ct. Com. Pl. LEXIS 80 (Phila. Com. P. LEXIS June 4, 2009). Issues not raised in accordance with the provisions of Pa.R.A.P. 1925(b) are waived. Pa.R.A.P. 1925(b)(4)(vii). Although the number of issues, standing alone, is not grounds for finding such waiver, the issues raised in the 1925(b) statement must be "non-redundant" and "non-frivolous." Pa.R.A.P. 1925(b)(4)(iv).

It is also well settled that when the trial court orders an appellant to submit a 1925(b) statement, that statement must indicate, with *specificity*, the error to be addressed on appeal. *Commonwealth v. McCree*, 857 A.2d 188, 192 (Pa. Super. 2004) (emphasis added). This rule guards against vague statements which require the court to guess which issues are being raised on appeal. *Id.* Such vague and nonspecific 1925(b) statements do not provide enough for the court to conduct a meaningful review of the issues, and are the functional equivalent of no 1925(b) statement at all. *Commonwealth v. Dowling*, 778 A.2d 683, 686-87(Pa. Super. 2001). Furthermore, even if by chance the trial court correctly guesses the issues appellant raises on appeal and writes an opinion pursuant to that supposition, the issues are still waived. *Commonwealth v. Heggins*, 809 A.2d 908, 911 (Pa. Super. 2002).

Here, appellant filed a four (4) page, five (5) paragraph 1925(b) statement with multiple subparts of errors allegedly committed by the court. The alleged errors are

redundant, frivolous, and nonspecific and amount to a recitation of the underlying facts in this matter. Pursuant to Pa.R.A.P. 1925(b), appellant was directed to only state the specific rulings or errors allegedly committed by this court related to his motion to set aside sheriff's sale. Pa.R.A.P. 1925(b). Therefore, the court will not attempt to decipher appellant's 1925(b) statement to glean which issues are non-redundant and/or non-frivolous. *Heggins,* 809 A.2d at 911-12. Appellant's inability to comply with Pa. R.A.P. 1925(b) has precluded this court from providing a meaningful review of its claims and therefore its claims are waived. *Id.*

b. Appellant did not meet his burden of proving circumstances warranting the exercise of the court's equitable powers to set aside the sheriff's sale of appellant's home.

Notwithstanding waiver of issues on appeal, the court will attempt to address its ruling on the motion to set-aside sheriffs sale. Pursuant to the *Pa.R.C.P. 3132,* "upon petition of any party in interest before delivery of the personal property or of the sheriffs deed to real property, the court may, upon proper cause shown, set aside the sale and order a resale or enter any other order which may be just and proper under the circumstances." Pa.R.C.P. 3132. The purpose of a sheriff's sale in mortgage foreclosure proceedings is to "realize out of the land, the debt, interest, and costs which are due, or have accrued to, the judgment creditor." *Kaib v. Smith,* 684 A.2d 630, 632 (Pa. Super. 1996). Petitions to set-aside sheriff's sale are governed by equitable principles. *Doherty v. Adal Corp.,* 261 A.2d 311, 312-313 (Pa. 1970). Accordingly, the petitioner, or in this

case the appellant, has the burden of proving circumstances warranting the exercise of the court's equitable powers. *Bornman v. Gordon*, 527 A.2d 109, 111 (Pa. Super. 1987). A petition to set-aside a sheriffs sale may be denied where the petitioner provides insufficient proof to support the allegations in the petition. *Id.*

Here, appellant argues: 1) that the sale should be set-aside because he was in good-faith negotiations with appellee in the days prior to the sale; 2) that the sale price was grossly inadequate, and 3) that appellee would not be prejudiced by setting aside the sale as appellant was prepared to pay all arrearages. The court will address each of these contentions in turn.

(1) Good Faith Negotiations

Appellant argues that he did not file an emergency motion to postpone the sheriff's sale, thereby forcing him to file the instant motion to set-aside sale, because he was relying on representations made by appellee. Specifically, appellant claims that appellee represented to him that either a decision would be made on appellant's mortgage modification prior to the October 2, 2012 scheduled sale, or, that if a decision was not made by the scheduled sale date, that appellee would agree to voluntarily postpone the sale. Mot. to set-aside (10/05/2012).

Appellee denies making any representation to appellant that a decision would be made on the application for modification prior to sale. Ans. (mot./pet.) filed (10/26/2012). Appellee also denies representing to appellant that the sale would be postponed in order to further review the application. *Id.* Furthermore, appellee

contends appellant's application was incomplete at the time of the scheduled sale; and as such, appellant had no reasonable basis upon which to assume that a decision would be made. *Id.* Lastly, appellee contends that appellant's failure to move to postpone the sheriffs sale was in fact due to the court's prior order of August 06, 2012 and hearing thereof. *Id.*

The record is clear that appellee sent appellant a disclosure statement, a copy of which was included as Exhibit A in appellee's answer to the petition to set aside sheriffs sale, stating that there was no guarantee that the evaluation of an application for modification received less than thirty-seven (37) business days prior to the scheduled sale would be completed and prior to foreclosure sale. Answer (mot./pet.) filed (10/26/2012). The disclosure statement also provides that the submission of an application for modification does not suspend foreclosure proceedings. *Id.* In addition, the record is clear that appellant was attempting to supplement his modification application with additional information from his accountant as late as two (2) days prior to the scheduled sale. Answer (mot./pet.) filed (10/26/2012); Mot. to set-aside (10/05/2012). Lastly, the record is clear that the court provided appellant with notice by both order and at oral argument on appellant's previous motion to postpone sheriffs sale that no further postponements would be granted:

> **The Court:** I'm going to postpone it until October 2nd for selfish reasons so you don't have to come back here next month. But understand there will be no more postponements except by agreement. And, again, my

suggestion is to everyone, if there is a postponement today, that you start working on this this afternoon, because when you come back, it's going to be denied.

**Counsel for Appellant:** Understood.

N.T. at 4:12-23 (08/06/2012); order entered by J. Tucker (08/06/2012).

While appellant provided evidence of communications from appellant to appellee during the time period between the postponement of the sale and the date of sale, no evidence was provided of any communication from appellee to appellant regarding either when a decision would be made, or another possible postponement of the scheduled sale. Mot. to set-aside (10/05/2012). As such, appellee has failed to meet his burden of proof of showing proper cause for the court to exercise its equitable powers to set-aside the sheriff's sale.

(2) Grossly Inadequate Sale Price

Pennsylvania law is clear that the mere inadequacy of sale price is not a sufficient basis upon which to set-aside a sheriffs sale. *Scott v. Adal Corp.*, 509 A.2d 1279, 1283 (Pa. Super. 1986). However, a sheriffs sale may be set-aside where the result is a grossly inadequate sale price. *Id.* While it is well settled that the price received at a duly advertised public sale, as here, is the highest and best price obtainable, a sale price may be grossly inadequate where the percentage of sale price is excessively diminutive compared to the established market value of the property. *Bank of America, N.A. v. Estate of Hood*, 47 A.3d 1208, 1211 (Pa. Super. 2012)(citing *Blue Bell Nat'l Bank v.*

*Balmer*, 810 A.2d 164, 166-167 (Pa. Super. 2002). For example, a sale price of roughly ten percent or less of the established market value has been deemed grossly inadequate. *Id.* at 1212. The court must also consider the outstanding mortgage debt when determining whether the sale price was grossly inadequate. *Vend-A-Matic, Inc. v. Frandford Trust Co.*, 442 A.2d 1158 (Pa. Super. 1982).

Here, appellant argues that the sale price was grossly inadequate. Appellant failed to offer any evidence of gross inadequacy or otherwise establish this claim. Mot. to set-aside sheriff sale (10/05/2012). The fair market value of the property in this matter was valued, by appellee, at two hundred and thirty-one thousand nine hundred and twenty-two dollars ($231,922.00). Answer (motion/petiton) filed (10/26/2012). The property sold to appellee at sheriff's sale for one hundred and fifty thousand dollars ($150,000.00). Mot. to set-aside (10/05/2012). The sale price represents sixty-four and six tenths percent (64.6%) of the market value.

Appellant in his statement of matters complained of contends that the property is in fact worth in excess of four hundred thousand dollars ($400,000.00). 1925(b) statement (01/04/2013). The court notes that appellant offers his own valuation of the property for the first time on appeal. Mot. to set aside sheriff sale (10/05/2012). As such, all allegations of error or amounts offered for valuation brought up in the first instance in the 1925(b) statement are deemed waived. *Vend-A-Matic, Inc.*, 442 A.2d at 1162 (citing *Herskovitz v. Vespico*, 362 A.2d 394 (Pa. 1976)).

Nevertheless, even if *arguendo*, appellant's claimed

value of the property was taken as accurate, a proposition for which there is no evidentiary support, the sale price of one hundred and fifty thousand dollars ($150,000.00) still represents thirty-seven and one-half percent (37.5%) of four hundred thousand dollars ($400,000.00), which far exceeds the traditionally recognized threshold for gross inadequacy of sale price. *Estate of Hood*, 47 A.3d at 1211. In addition, the outstanding mortgage debt was two hundred sixty thousand one hundred and seventy-five dollars and ninety-five cents ($260,175.95). Mot. to set-aside (10/05/2012); Answer (motion/petiton) Filed (10/26/2012). Considering the outstanding mortgage, the sale price of one hundred fifty thousand dollars ($150,000.00) was not grossly inadequate. Appellant has thus failed to establish that the sale price reaches the level of gross inadequacy as recognized by the Pennsylvania courts. The court did not err in refraining from granting appellant equitable relief on these grounds. His claim must fail.

(3) Appellant's Ability to Pay all Arrearages

Finally, appellant claims that the court should have granted his motion to set aside sheriffs sale because he was prepared to pay all arrearages; and because appellee would not be prejudiced by setting aside the sale. Appellant is essentially arguing that he has a right of redemption. Mot. to set-aside sheriff sale (10/05/2012). The mere ability to pay the amount owed does not entitle a mortgagor to stop the occurrence of a sheriffs sale. To suggest so would be to suggest a right of redemption in mortgage foreclosure for which the appellant has not provided a legal basis. Further, appellant has not provided any evidentiary support for his

claim that he is prepared to pay the arrearages owed on the mortgage. Mot. to set-aside sheriff sale (10/05/2012). In short, the appellant's last claim has no basis in law or fact, therefore appellant failed to meet his burden of showing proper cause for the court to exercise its equitable powers to set aside the sheriffs sale in this matter.

## III. Conclusion

Appellant failed to comply with Pa.R.A.P. 1925(b); therefore his claims on appeal are deemed waived. Furthermore, the court did not err in denying appellant's motion to set-aside sheriff's sale because appellant did not meet his burden of showing proper cause as to why the court should exercise its equitable powers to set aside the sheriffs sale in this matter. The court's ruling should stand.