## Smith and Wife *versus* Grim and Giltner.

26    95
201  190

26     95
225    52

Where a person conveys land in fraud of his creditors, and dies, it is not necessary that his heirs should be made parties to a judgment against his personal representative, in order to charge the land with the debt.

A sheriff's deed for the premises, acknowledged after suit brought, is competent evidence for a defendant in ejectment, where the sale was prior to the commencement of the action.

A tenant of a sheriff's vendee who takes possession of the premises between the making of the sale and the acknowledgment of the deed, cannot be treated as an intruder.

ERROR to the Common Pleas of *Lehigh county*.

This was an ejectment brought by Daniel Smith and wife, against Joshua Grim and Andrew Giltner, to recover two tracts of land; one containing 30 acres, and the other 79 perches. John Notestein was the owner of the premises in dispute, and on the 9th of March, 1844, conveyed the 30 acre tract by deed to Catharine Fry, who was married to Daniel Smith in 1847. The consideration named in the deed was $500, but no money was paid. Catharine Fry had lived with Notestein from 1829, being then about five or six years of age, and her services in his family were alleged to be the real consideration of the conveyance. Notestein, on the 11th of March, 1844, made a general assignment for the benefit of his creditors; the proceeds of the property assigned were only sufficient to discharge the liens against his real estate and pay the expenses of the trust. Notestein lived on the premises until he died in 1846. At the time of the conveyance to Catharine Fry, Notestein was indebted to Grim, one of the defendants, and to Eisenhard, for which they brought suit against his administrator, and recovered judgments amounting together to the sum of

[Smith and Wife *v.* Grim and Giltner.]

$742.22, besides costs.   Grim, after obtaining judgment against the administrator, issued a *fieri facias*, had the premises in dispute levied on, condemned, and sold by the sheriff on the 18th March, 1850, to Joshua Grim, the defendant in this suit, and plaintiff in the execution, for the sum of $440, and a deed duly acknowledged to him by the sheriff on the 2d of May, 1850.   On the 21st March, 1850, Giltner, one of the defendants, under a lease from Grim, entered upon the premises with his family and household goods in the absence of plaintiff's tenant; and the two remained there until 1st April, 1850, when the plaintiff's tenant left and the defendants continued in the sole possession.   The plaintiff also gave in evidence a deed from the assignee of Notestein for the 79 perches claimed in the writ.   The defendants denied being in possession of this part.   This action was instituted on the 1st of May, 1850.

The witnesses estimated the value of the premises from $800 to $1100 at the time of the transfer to Catharine Fry.

The Court refused to charge, as requested by plaintiff, that Giltner was an intruder, having entered prior to the acknowledgment of the sheriff's deed to Grim, and also that the sheriff's sale was void by reason of the heirs of Grim not having been made parties to the judgment, but referred the case to the jury to find whether the conveyance to Catharine Fry of the 9th March, 1844, was fraudulent as to creditors, and if so the defendants would be entitled to the verdict.

The jury found for the plaintiffs for the 79 perches, and for the defendants for the 30 acres.

The charge of the court and the admission of the judgment in favour of Grim against Notestein's administrator, and of the sheriff's deed to Grim under it, were the errors assigned.

*Stiles* and *R. E. Wright*, for plaintiff in error.

*King* and *Longenecker*, contrà.

The opinion of the court was delivered by
LOWRIE, J.—The court left to the jury the question of the fraudulency of the conveyance of Notestein to Mrs. Smith, in the very terms of the fourth point put by his counsel, and they found the fact against her.   We therefore assume this fact as settled, in considering the other points.

The conveyance is good as against Notestein and his heirs, and bad only as against creditors.   His heirs have and can have no interest in the process by which the creditors seek to recover it or its value from the fraudulent vendee, and therefore they were not necessary parties to the suit against the vendor's administrators, so far as it could be used to reach this land.   The record of the judgment, and the sheriff's sale and deed made under it, were

[Smith and Wife *v.* Grim and Giltner.]

therefore competent evidence. And the competency of the deed is not affected by the fact that it was not acknowledged until the next day after this suit was brought, for the sale was before. The tenant cannot be treated as an intruder, where the true owner comes in and defends his possession.

Judgment affirmed, and record remitted.