## Liggett *v.* Ritter, Appellant.

*Practice, C. P.—Judgment—Rule to open judgment—Suit on warranty
—Pending suit—Plea in abatement.*

1. Where judgment is entered on a judgment note given for the
purchase price of a horse, and the defendant enters a rule to open the
judgment, but subsequently for reasons of his own pays the judgment,
and thereafter brings a suit against the seller of the horse for a breach
of warranty contained in the contract of sale, the fact that the purchaser
had taken a rule to open the judgment and had subsequently paid the
judgment, does not preclude him from maintaining an action upon the
warranty; and this is the case although the former action was not actu-
ally discontinued of record.

2. In such a case the payment of the debt had the effect of a discon-
tinuance of the application to open the judgment; and even if it had
not, the remedy of the defendant in the second suit was by plea in
abatement, or by an application for a stay of proceedings.    If he failed
to avail himself of these remedies, he could not, after a trial on the

merits, use the pendency of another action in bar of the plaintiff's right to recover.

*Contract—Sale—Warranty—Sale of horse.*

3. In an action for a breach of warranty in the sale of a horse, the measure of damages is the difference in the market value of the horse as warranted to be on the day of the sale, and the market value of the animal as it was afterwards found to be.

Argued March 10, 1913. Appeal, No. 18, March T., 1913, by defendant, from judgment of C. P. Cumberland Co., May T., 1912, No. 20, on verdict for plaintiff in case of Cyrus Liggett v. D. F. P. Ritter. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit for breach of warranty. Before SADLER, P. J.

The facts are stated in the opinion of the Superior Court.

Defendant presented these points:

4. If the jury find from the evidence that the plaintiff in this action presented his petition to the court of common pleas of Cumberland county, in No. 217, February Term, 1912, to open the judgment in that case, which was entered and confessed on the note given by the plaintiff to defendant in the transaction now in suit, in which petition he set up the same facts upon which he sought to have that judgment opened, and that a rule was granted and the proceeding on said judgment, and a writ of execution issued thereon, and after the stay of said writ the plaintiff paid the full amount of the claim and the rule to show cause thereon was abandoned, then he is estopped from setting up the same matters in this action, and upon which his right to recover is based, and if the jury so find, the verdict of the jury should be for the defendant. *Answer:* As it does not appear that there was any adjudication in this case by the court, but a mere abandonment of

the proceeding by Liggett, on advice of counsel, we cannot affirm this prayer. [1]

6. The proceedings had in the court of common pleas to stay the execution have no bearing on the present controversy, Liggett having had the right either to move to set aside the execution, or to pay the same, as was done, and sue for his damages. *Answer:* As there was no adjudication on the proceeding by the court, but a mere abandonment on the advice of his attorney, it is affirmed. [2]

1. If the jury find from the evidence that the defendant did not warrant the horse then and in that case their verdict should be for the defendant. *Answer:* This is affirmed as an abstract principle of law. We might also state that if the jury in this case should find that there was a guarantee by Ritter that the horse would work anywhere, and that Liggett treated this as a warrant of the same, and that he, Ritter, intended thereby to warrant, then there would be in law such a warrant as would bind Ritter, and for a breach thereof would be liable in damages to Liggett. [4]

The court charged in part as follows:

[The measure of damages was set forth in one of the points, that is, the test is this: what was the horse worth in the market guaranteed, as contended for by the plaintiff, if she was guaranteed? Then the difference between that and what its actual market value was after its qualities had become known and the people became acquainted with the horse—the difference in the market value of the horse—that is the damage claimed.] [5]

[Now the plaintiff insists that the testimony which ought to have great weight with you is the fact that this horse was twice offered at public sale; that at the first sale, with this guarantee, as they contend, she was bid up to $231.50; that at the second public and open sale, which was advertised, with the same credit, she brought $103, and that the damage which has been suf-

fered is the difference between what Liggett paid, $231.50 and $103, which he received, and that Ritter now has the horse in his possession for the latter outlay.] [6]

[And what was the market value of the horse? What it was worth at the time of the sale it is insisted was $231.50. What was it worth afterwards? One of the best tests, or at least one that ought to be taken into consideration by you is what did it bring at an open public sale at which it was repurchased for Mr. Ritter.] [7]

Verdict and judgment for plaintiff for $100. Defendant appealed.

*Errors assigned* were (1–7) above instructions, quoting them.

*E. M. Biddle, Jr.,* with him *Herman Berge, Jr.,* for appellant.—An election is binding on the party making it and he cannot afterwards pursue an inconsistent remedy: Penna. R. R. Co. v. Davenport, 154 Pa. 111; Floyd v. Browne, 1 Rawle, 121; Biery v. Steckel, 19 Pa. Superior Ct. 396; Frauenthal's App., 100 Pa. 290; Given's App., 121 Pa. 260; Himes v. Kiehl, 154 Pa. 190; Citizens' Pass. Ry. Co. v. Ketcham, 122 Pa. 228; Lingle v. Ry. Co., 214 Pa. 500.

*S. B. Sadler,* for appellee.—Nothing less than the prosecution of a suit to judgment can have the effect of barring another action arising from the same transaction, even though the remedies sought are inconsistent: Hyde v. Kiehl, 183 Pa. 414; Floyd v. Browne, 1 Rawle, 121; Rudolph v. Sturgis, 25 Pa. C. C. Rep. 577; Schwan v. Kelly, 173 Pa. 65.

That one suit may be abandoned and another instituted seems to be without question: Freeman v. Laverty, 207 Pa. 32; McCulloch v. Logan, 3 W. N. C. 88; McQuesney v. Heister, 33 Pa. 435.

If the remedies are not inconsistent, clearly, the institution of a proceeding in the one case does not pre-

vent a termination of it and the institution of another:
Werkheiser v. Werkheiser, 3 Rawle, 326; Hyde v. Kiehl,
183 Pa. 414; Schriver v. Eckenrode, 87 Pa. 213; Rex
v. Rex, 3 S. & R. 533; Evans's Est., 3 W. N. C. 519;
Reap v. Scranton, 7 Pa. Superior Ct. 32; Smethurst v.
Woolston, 5 W. & S. 106; Raessler v. Mutual Benefit
Assn., 3 Pa. C. C. Repr. 393.

The pendency of another action can be pleaded only
in abatement: Findlay v. Keim, 62 Pa. 112; Gardner v.
Kiehl, 182 Pa. 194; McCulloch v. Logan, 3 W. N. C. 88.

The measure of damages was properly stated: Curtis
v. Hanney, 3 Esp. 82; Woodward v. Thacher, 25 Vt.
580; Brock v. Clark, 60 Vt. 551 (15 Atl. Repr. 175);
Mueller v. Eno, 14 N. Y. 597; Bach v. Levy, 101 N. Y.
511 (5 N. E. Repr. 345); Freyman v. Knecht, 78 Pa. 141;
M'Combs v. M'Kennan, 2 W. & S. 216; Girard v. Tag-
gart, 5 S. & R. 539; Andrews v. Hoover, 8 Watts, 239.

OPINION BY HENDERSON, J., July 16, 1913:

The plaintiff's action was on a contract of warranty
alleged to have been entered into on the sale of a horse.
Payment of the purchase money was secured by a judg-
ment promissory note.  After the plaintiff had taken
possession of the horse he discovered, as he contended,
that it was not as represented in the warranty and there-
upon a return of the horse was tendered which was refused
by the vendor.  On the maturity of the note the defendant
caused an execution to be issued.  The plaintiff then
presented an application in the court of common pleas for
an order opening the judgment to permit him to make
defense on the ground of a breach of the warranty.  A
rule was granted January 18, 1912, to show cause why
the judgment should not be opened and the defendant let
into a defense.  On the 25th of the same month Liggett
paid to the sheriff the amount of the debt, no further
proceedings having been had on the rule.  The defense
here set up was a denial of the existence of a warranty and
the assertion of the legal proposition that the action could

not be maintained because the plaintiff had elected to proceed on the equity side of the court through the application to open the judgment. The jury credited the testimony of the plaintiff's witnesses as to the existence of the warranty and the court instructed the jury that the legal position taken was not a defense. The assignments of error relate to the instruction of the court on the appellant's contention that the plaintiff could not maintain this action because of his previous application to open the judgment, to the answers to points and to the part of the charge of the court bearing on the subject of the measure of damages. On the first question we think the ruling of the court was in harmony with the authorities in this state. The case principally relied on by the appellant is Himes v. Kiehl, 154 Pa. 190. In that case a judgment had been entered on a warrant of attorney given by the purchaser for the price of the property and a rule was obtained to open the judgment on an alleged breach of warranty. This rule was discharged by the court. The proceeding seems to have been abandoned but that was not disclosed in the record and for aught that appeared the action of the court might have been adverse to the defendant in the judgment; the rule was under consideration and a judgment entered thereon by the court. The court below had based its action on the fact that no depositions were taken nor arguments held under the rule, but it was considered by the Supreme Court that that would be entirely consistent with an absolute disposal of the rule on its merits for the want of testimony. In the present case the proceeding was abandoned without any action by the court under the rule. The defendant in the execution, perhaps under the advice of counsel or because his property and that of his surety was subjected to the lien of the execution, paid the writ to the sheriff and abandoned the proceeding. Actual payment discharges a judgment at law—Milligan's Appeal, 104 Pa. 503—and with the judgment went also the application to open. The present action was brought more than two weeks after the payment of the judgment

and at that time there was no pending proceeding. The discharge of the debt had the effect of a discontinuance of the application to open the judgment. There was neither a hearing on the merits by the court nor a decision on the application. The rights of the parties were not adjudicated therefore on the complaint presented in this action. The remedies sought are not inconsistent. The same state of facts and the same evidence were involved in either form of procedure, and as one was abandoned before the other was commenced no sufficient reason appears why the second action should be defeated on that account alone: Schriver v. Eckenrode, 87 Pa. 213; Penna. R. R. Co. v. Davenport, 154 Pa. 111; Hyde v. Kiehl, 183 Pa. 414. If it be claimed that the former action was not discontinued of record and that therefore it was pending when the case before us was tried, the answer is that the remedy of a party aggrieved by the pendency of two or more suits for the same cause of action is by plea in abatement before judgment or by application for a stay of proceedings. It was held in Findlay v. Keim, 62 Pa. 112, that it is too late after going into a trial on the merits for the defendant to use the pendency of another action in bar of the plaintiff's right to recover. If such plea had been entered the plaintiff might have discontinued and replied that there was no such suit pending. The circumstance of a party having elected one of several remedies by action will not in general preclude him from abandoning such suit and after having duly discontinued it adopt any other appropriate remedy: 1 Chitty's Pleading, 214; 2 Troubat & Haly's Prac., p. 87, sec. 3. In Gardner v. Kiehl, 182 Pa. 194, it was held that the pendency of a prior action is the subject of a plea in abatement; not of a motion to quash the second writ, and that even in the case of a suit pending at the time of the petition to quash or of a plea in abatement the plaintiff might discontinue the first suit and reply that there was no action pending. On both the grounds stated we conclude therefore that the plaintiff is not precluded from maintaining his action.

The instructions of the court on the measure of damages as indicated by the answers to the plaintiff's second point and the defendant's third point contain a correct statement of the law as applied to the case under consideration. The difference in the market value of the horse as warranted to be on the day of sale and the market value of the animal as it was afterward found to be is the measure of the plaintiff's injury and this was brought to the attention of the jury in terms which must have been comprehended and which we think were not prejudicial to the defendant's interests. The whole case was submitted to the jury in a form which left the jurors free to arrive at a conclusion in the light of the evidence as they believed it. The inaccuracies complained of were not of a character to prejudice the defendant's case or to lead us to the conclusion that the result was in any way influenced thereby. It is true that the question of value is to be determined as of the time when the horse was sold, but we do not understand that the trial judge in the use of the language excepted to in the fifth and seventh assignments intended to establish any other standard. The use of the words "what its actual market value was after its qualities had been known" has reference rather to the fact of the disclosure of the bad qualities of the horse than the time when the value of the animal is to be fixed. The context indicates that the court did not intend to have the jury fix the value as of different dates but rather to institute a comparison between the horse as it was represented to be and the horse as it was afterward discovered to be. The condition of the animal at the time of the sale was the question to be determined and by the answer to it was the right of the plaintiff to be tested.

The judgment is affirmed.