Conlen et al. *v.* Girsh, Appellant.

Argued November 26, 1947. Before MAXEY, C. J., LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Morton S. Klaus,* with him *Blank & Rudenko,* for appellant.

*Charles J. Weiss,* with him *Jerome Bennett* and *Weiss & Bennett,* for appellee.

PER CURIAM, January 5, 1948:

William J. Conlen, Michael J. Judge and Bertram Bennett, Liquidating Trustees of the Purchaser's Building and Loan Association, appellees, on March 5, 1946, caused to be issued a writ of *scire facias* to revive the judgment entered against Leonard Girsh, appellant. On October 27, 1927, judgment was entered upon the bond

accompanying a second mortgage of $1500 secured upon premises 1309 South Philip Street, Philadelphia. On December 8, 1927, damages were assessed on the judgment and a writ of *fieri facias* issued to sell the aforesaid premises. The premises were sold by the sheriff of Philadelphia County to appellees for $50 on January 3, 1928. No deed to appellees was ever acknowledged or recorded by the sheriff and the writ was returned by him "Terms of sale not complied with." Appellant filed an Answer to the present writ averring that appellees had not complied with the Deficiency Judgment Act of 1941, P. L. 400, 12 PS section 2621, by filing, within six months after enactment thereof, an affidavit of the fair value of the property purchased by them. This appeal is from the decree of the court below directing the prothonotary to enter judgment for appellees in the *scire facias* proceedings.

The case was tried by President Judge MACNEILLE without a jury, and in a well-considered opinion the trial court properly concluded:

"It is admitted by the [appellee] that no petition was filed to have the fair value fixed. It follows that if [appellee's] bid at the sheriff's sale and the action of the sheriff in announcing the acceptance of [appellee's] bid constituted a completed irrevocable sale, the [appellee] is not entitled to revive the judgment.

"It is clear that the sale was never completed by the [appellee] presenting a deed and taking title, and that the sheriff made a return accordingly with the entry 'Terms of sale not complied with.' When the sheriff's hammer fell, the [appellee] acquired an equitable interest but did not acquire the right to take possession of the property and could not do so without receiving a sheriff's deed. In failing to do so it forfeited its right to take legal title to the property and, at the same time, an end was put to any equitable interest it had in its purchase.". . .

"The consequence of the [appellee's] failure to accept from the sheriff a deed is that the [appellee] never acquired the real estate. . . . We are not impressed with [appellant's] argument that an unfair burden was placed upon him following the failure of the [appellee] to take a sheriff's deed. This did not interfere with the [appellant's] right of redemption, but was rather a benefit inasmuch as it allowed to him a great deal of additional time for that purpose."

Judgment affirmed.