Fidelity Bank *v.* Pierson et ux., Appellants.

Argued January 21, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Samuel C. Nissenbaum,* for appellants.

*R. D. Mathewson,* for appellee.

*J. Harry Wagner, Jr.,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, April 22, 1970:

This is an appeal from an order refusing to set aside a sheriff's sale of real estate. A Petition to set aside such a sale is addressed to the sound discretion of the court below and its decision will not be reversed on appeal unless there is a clear abuse of that discretion. *Phila. Nat. Bank v. New Ideas Enter., Inc.,* 424 Pa. 284, 227 A. 2d 873 (1967).

The court below found the following facts:

"On April 17, 1968, the Fidelity Bank entered judgment on a Bond and Warrant accompanying a mortgage dated October 31, 1961, for $15,000, payable in installments with interest at 6% and 5% collection fees. On May 8, 1968, an assessment of damages was filed averring the sum of $11,478.51 to be still due, and writ of execution was issued for the subject premises at 411 Mayfield Ave., Elkins Park, Pa. Sale was scheduled for June 26, 1968.

"Before June 26, 1968, the defendants, through their counsel, John J. Pettit, Esq., requested a delay until the next sale in order to afford defendants time in which they could obtain other financing. The sale was postponed until July 31, 1968, provided $1,592.59 was deposited with plaintiff, together with a receipt showing that the real estate taxes were paid, and a fully paid insurance policy in force protecting the property on which the mortgage was secured. (These latter items had been discovered to be unpaid). Defendants

knew that unless the judgment was paid by July 31, 1968, plaintiff would proceed with the sale."

On four separate occasions, the defendants' request that the mortgage be reinstated had been refused.

On July 30 and 31, 1968, the matter was brought to the attention of defendants' attorney. Since no action was taken by defendants, the sale was held on July 31, 1968. After active bidding among three competitive bidders, the property was knocked down to Milton Dresner for $16,000.

In support of their claim that the sheriff's sale should be set aside, appellants contend that they were led to believe the sale would not take place because on July 26, 1968, they received a regular payment-due slip from the appellee bank, showing no further arrearage due and the next payment due as the regular monthly payment of $126.58. Appellants further contend that they were so relieved that the pressure of the foreclosure was off, they sent in a money order for three months' payments in order to stay out of future trouble and be two months in advance in their payments.

However, it is undisputed that appellants had been in arrears in making payments on their mortgage, and that, consequently, the bank had the option of calling the entire loan. Moreover, appellants had been told on numerous occasions that unless they paid the full amount, the sale would be held on July 31, 1968, and appellants' attorney had been informed on July 30 and July 31 that the sale was to proceed as scheduled. Even if appellants did not receive this information, it is well-settled law that knowledge of the agent is knowledge of the principal. *Nat. Bank of Bedford v. Stever*, 169 Pa. 574, 32 Atl. 603 (1895). Based on these facts, we do not believe it was an abuse of discretion for the court below to refuse to find that the appellants were misled into believing the sale was cancelled.

Appellants also contend that the price bid at sale was grossly inadequate. The bid price in the case at bar was $16,000. Appellants had purchased the property in 1959 for $17,900 and had spent $12,800 on additions and improvements on the premises in 1961. This was the only competent evidence offered in support of their allegation that the property was worth $30,000. They offered testimony showing general selling prices for other houses in the neighborhood, but such testimony without some showing of similarity or comparability is inadmissible. *McSorley v. Avalon Boro. School Dist.*, 291 Pa. 252, 139 Atl. 848 (1927). The two written appraisals offered by appellants as to the value of the property in their depositions cannot be considered because these appraisers were not made available for cross-examination by appellee's counsel, and their appraisals were clearly inadmissible. Furthermore, the appellants make no allowance for depreciation of their property. There is no contention that the sale was not conducted in a proper manner. We have frequently said that mere inadequacy of price standing alone is not a sufficient basis for setting aside a sheriff's sale. *Gross v. Simsack*, 364 Pa. 337, 72 A. 2d 103 (1950). Consequently, we cannot find that it was an abuse of discretion for the court below to refuse to set aside the sale in the instant case.

Order affirmed.