495 A.2d 565

**CONTINENTAL BANK, Appellee,**

v.

**Sarah FRANK, Appellant.**

Superior Court of Pennsylvania.

Argued May 24, 1984.

Filed June 28, 1985.

478

Robert A. Hoffa, Philadelphia, for appellant.

Gary A. Friedberg, Philadelphia, for appellee.

Before DEL SOLE, MONTEMURO and CAVANAUGH, JJ.

CAVANAUGH, Judge:

Sarah Frank, defendant below, appeals from the Order of the Philadelphia County Court of Common Pleas dismissing her petition to open a judgment confessed against her, denying her petition to set aside a sheriff's sale and vacating a temporary stay. For the reasons set forth in this Opinion, we affirm the Order of the lower court.

On May 4, 1982, the appellee, Continental Bank, filed a Complaint in Confession against the appellant alleging the following facts: In April of 1981, Continental Bank gave a $200,000.00 commercial real estate loan to the appellant. As security for that debt, the appellant gave to the Bank a mortgage on the appellant's premises at 2007–2009 Walnut Street, Philadelphia, Pennsylvania. Appellee further alleged that Ms. Frank was in default of the mortgage payments.

Based on the allegations of the Complaint and pursuant to a confession of judgment clause in the mortgage note, the appellee confessed judgment against the appellant in the amount of $227,030.70.[1] On the following day, May 5, 1982, the Bank filed a praecipe for a writ of execution on the judgment. The encumbered property was thereafter scheduled for sheriff's sale on June 7, 1982.

On May 21, 1982, the appellant filed the instant petition to open and/or strike off the confessed judgment,[2] and at the same time requested a sixty-day stay of all proceedings so that she could take depositions to support the allegations of

1. This amount included remaining principal of $196,423.54, interest of $19,155.27, late charges of $1,630.72, and attorney's fees of $9,821.17.

2. Appellant subsequently admitted that she had failed to allege any ground for striking off the judgment. Appellant's Answer to Plaintiff's New Matter at ¶¶ 13, 14.

her petition.[3] The court declined to grant the requested stay.

On June 7, 1982, the date originally scheduled for the sheriff's sale of the attached property, the appellant renewed her request for a stay. The court, upon consideration of Ms. Frank's motion, postponed the sale until the next available Sheriff's Sale (July 12, 1982) conditioned on the posting of a one thousand dollar bond. Subsequently, on July 12, the property was sold for $245,000.00 to Jacques Zinman, who has been granted intervention in this action. Appellant did not move for another stay prior to the sheriff's sale of July 12.

The lower court, per the Honorable Judge Charles A. Lord, unaware that the sale had taken place (Lower Court op. at 1), entered an order on July 22, 1982, that the appellant take depositions on her petition to open by August 20, 1982, and that such depositions be filed by September 15, 1982. The court further ordered that failure to file the depositions would, for the purpose of the disposition of the petition to open, result in the admission of all well pled facts in the appellee's Answer to the petition to open. *See* Pa.R.C.P. 209; Phila.R.C.P. 140E.

In reliance on this order, the appellant filed a notice of deposition and request for the production of documents. Appellant also filed a petition to set aside the sheriff's sale on August 2, 1982.

Appellee responded by filing a petition to strike Judge Lord's discovery order of July 22 and to stay any further proceedings on the petition to open due to mootness. In Judge Lord's absence, the Honorable Abraham J. Gafni stayed all proceedings pending the disposition of the Bank's petition.

---

**3.** In her petition to open the confessed judgment, the appellant averred: (1) because of multiple representation by her prior counsel, there existed a conflict of interest and appellant was not fully advised as to all aspects of the loan agreement; (2) she was fraudulently induced to enter the loan agreement because of a scheme between the Bank and her prior counsel; and (3) mortgage payments in excess of $30,000.00 were not reflected in the confessed judgment.

By order and opinion of October 18, 1982, Judge Lord disposed of all outstanding matters. The lower court held that satisfaction of the judgment by sale had mooted appellant's petition to open, and so the petition to open was dismissed without prejudice to appellant to bring any other action for damages. With the petition to open dismissed, the lower court accordingly held that its July 27, 1982, discovery order and the stay ordered by Judge Gafni be vacated. Finally, the lower court looked to the merits of appellant's petition to set aside the sheriff's sale and denied that petition.

Appellant has filed this appeal raising the following issues: (1) did the lower court err in failing to grant appellant's request for a stay pending disposition of the petition to open? (2) did the lower court err in failing to grant appellant's petition to open? and (3) did the lower court err in failing to grant appellant's petition to set aside the sheriff's sale? We address these issues seriatim.

■ Appellant's first argument is that the lower court erred in not granting the sixty-day stay request accompanying the petition to open. This issue is without merit.

Under the Pennsylvania Rules of Civil Procedure, a court *may* grant a stay of proceedings when presented with a petition to open a confessed judgment:

(a) Relief from a judgment by confession shall be sought by petition....

(b) If the petition states prima facie grounds for relief the court shall issue a rule to show cause and *may* grant a stay of proceedings....

Pa.R.C.P. 2959 (emphasis added). Appellant contends that since the petition to open established prima facie grounds for relief, the lower court was obligated to issue both a rule to show cause, and a stay of proceedings. This interpretation is clearly erroneous since the rule specifically provides that if prima facie grounds exist, a rule to show cause is *mandatory*, while a stay of proceedings is merely *discretionary*. Appellant has failed to present any arguments to

the effect that the lower court abused its *discretion* in refusing to grant a stay of proceedings. Thus, we find no merit to appellant's first issue.[4]

Appellant's second issue is that the lower court erred in failing to grant her petition to open. The lower court did not address the merits of the petition to open, but determined instead that the petition was moot since the property was already sold. Citing *Liggett v. Ritter*, 54 Pa.Super. 405 (1913), the lower court opined that the payment of a debt has the effect of discontinuing a petition to open the underlying judgment.

■■■■ While we agree with the disposition reached by the court below, we do so simply on the grounds that, in light of the sale, the opening of the confessed judgment is no longer the appropriate remedy for the appellant.

> Notwithstanding authority recognizing that legal title to real property sold at execution does not pass until delivery of the execution deed, it has long been recognized that the purchaser's interest in the property commences prior to such delivery. Thus, it has been held that when the property is knocked down to the purchaser, he acquires an equitable interest in the property, as well as a right to a deed on complying with the terms of the sale.

13 Standard Pennsylvania practice 2d § 75:47, at 146 (footnotes omitted). *See, e.g., Conlen v. Girsh*, 358 Pa. 109, 56 A.2d 231 (1948).[5] Therefore, the purchaser of the mortgaged property, Zinman, acceded to his interest in the realty on the date of the execution sale, July 12, 1982. Even if the judgment confessed against the appellant could now be opened, the appellant would not be entitled to

---

**4.** We also note that appellant herself could have forced a stay of execution by entering a bond with the prothonotary. *See* Pa.R.C.P. 3121(a)(2).

**5.** There is also authority for the proposition "that the interest acquired by an execution purchaser under a deed duly executed, acknowledged, and delivered relates back to the time of the sale...." 13 Standard Pennsylvania Practice 2d § 75:47, at 146 (citing *Pennsylvania S.V.R. Co. v. Cleary*, 125 Pa. 442, 17 A. 468 (1889); *Hardenberg v. Beecher*, 104 Pa. 20 (1883); *Slater's Appeal*, 28 Pa. 169 (1857); *Smith v. Grim*, 26 Pa. 95 (1856); *Hoyt v. Koons*, 19 Pa. 277 (1852)).

repossession of the property. The legislature has expressly provided as follows:

> The reversal or modification of any order of a court in a matter in which the court has jurisdiction of the sale, mortgage, exchange or conveyance of real or personal property shall not divest any estate or interest acquired thereunder by a person not a party to the appeal.

42 Pa.C.S.A. § 5105(f) (1981). This has long been the law. *See generally* 13 Standard Pennsylvania practice 2d § 75:81 (1983); 15 P.L.E., *Execution* § 147 (1959). The purpose of this rule as well as those which preceded it is to protect the purchaser's title in the event of a reversal of the judgment under which the sale was made.[6] *See Mancine v. Concord-Lib. S. & L. Ass'n,* 299 Pa.Super. 260, 274 n. 7, 445 A.2d 744, 751 n. 7 (1982) (Price, J., concurring). Accordingly, it would have been a futile act for the lower court to have considered and, if justified, to have opened the judgment against the appellant since the opening of the judgment would not affect the third party's right to the premises.[7]

■ The final issue is whether the lower court erred in failing to grant appellant's petition to set aside the sheriff's sale.[8] A petition to set aside a sheriff's sale is addressed to the sound discretion of the lower court, whose decision will not be reversed absent a clear abuse of discretion. *Fidelity Bank v. Pierson,* 437 Pa. 541, 264 A.2d 682 (1970); *Marine Bank v. Huhta,* 279 Pa.Super. 130, 420 A.2d 1066 (1980).

6. It has been held that the protection of this law applies only where the underlying judgment is voidable. Where the judgment is deemed void ab initio, the sale confers no title. *See Mancine v. Concord-Lib. S. & L. Ass'n,* 299 Pa.Super. 260, 445 A.2d 744 (1982). A judgment which is later opened, as opposed to stricken off, is voidable.

7. We note further as did the lower court, that our disposition of this issue is without prejudice to any other remedy which the appellant might have.

8. Pa.R.C.P. 3132 provides for the setting aside of a sheriff's sale:
 RULE 3132. Setting Aside Sale
 Upon petition of any party in interest before delivery of the personal property or of the sheriff's deed to real property, the court may, upon proper cause shown, set aside the sale and order a resale or enter any other order which may be just and proper under the circumstances.

Appellant contends that the lower court abused its discretion in that the sale price was grossly inadequate, and that the lower court's discovery order was outstanding at the time of the sale.

■■■■ While mere inadequacy of price is not a sufficient basis for setting aside a sheriff's sale, *Fidelity Bank, supra,* it has long been established that gross inadequacy of price is a sufficient basis. *Capozzi v. Antonoplos,* 414 Pa. 565, 201 A.2d 420 (1964). Here, the property was sold for $245,000, while appellant claims that its value was in excess of $400,000. Appellant failed to support this allegation of value by providing an accurate appraisal by experts or other competent evidence. *See Western Savings Fund Society v. Wytish,* 68 Pa.D. & C.2d 104 (C.P.Philadelphia 1974), *aff'd,* 229 Pa.Super. 766, 325 A.2d 817 (1974) (mere assertion of value of property by party is not enough). Furthermore, the outstanding mortgage balance must be considered in determining the adequacy of the sale price. *Vend-a-Matic, Inc. v. Frankford Trust Co.,* 296 Pa.Super. 492, 442 A.2d 1158 (1982). Here, the outstanding mortgage debt including interest, late charges, and attorney's fees was $227,030.70. Considering this sum plus the costs of execution, we find no abuse of discretion in the lower court's failure to set aside the $245,000 sale price as grossly inadequate.

■■■■■ Appellant also contends that the sheriff's sale should have been set aside because the discovery order issued by the court following the sale demonstrated that the lower court found sufficient merit to the allegations contained in the petition to open. The lower court, however, stated that it entered the discovery order as a matter of course and was unaware that the sale had taken place. Furthermore, assuming that the discovery order was entered because the petition to open was viewed as meritorious, we fail to see why it would impact on the execution, since execution may still proceed even where a judgment has been *opened. See, e.g., Markofski v. Yanks,* 297 Pa.

74, 146 A. 569 (1929). Thus, this contention affords no basis to attack the sheriff's sale.

Order affirmed.