## Washington Mutual Bank v. Moore

*Christopher A. DeNardo,* for plaintiff.
*Elizabeth Dupuis,* for defendants.

RUEST, *J.,* April 7, 2008—Before the court is defendant's petition to set aside sheriff's sale of real estate, filed on February 19, 2008. A hearing was held on March 5, 2008. After said hearing, and upon consideration of arguments by counsel and relevant case law, the court determines defendant's petition is granted. The sheriff's

sale of the house and lot at 1126 Schencks Grove Road, Howard, Pennsylvania, shall be set aside.

## FACTUAL BACKGROUND

Petitioners Robert Moore and Carol Moore purchased a residence at 1126 Schencks Grove Road, Howard, Pennsylvania, 16841 on or about May 26, 1984 for the purchase price of $35,000. This amount was secured by a mortgage with United Federal Savings Bank dated June 1, 1984. The mortgage was subsequently assigned to State Street Bank and Trust Co., and finally to Washington Mutual Bank, the respondent in the case at bar. Petitioners presently owe $9,944.91, which was entered as a default judgment against petitioners on July 30, 2007. Also on July 30, 2007, respondent commenced execution proceedings to enforce the judgment and a writ of execution was directed to the sheriff of Centre County to levy upon and sell petitioners' real estate. A sheriff's sale of petitioners' property was scheduled for November 8, 2007.

Prior to the sheriff's sale, petitioners entered into discussions with respondent to negotiate a payment arrangement to cure the default. The sheriff's sale was continued. No agreement was reached between petitioners and respondent, and the sheriff's sale was rescheduled for February 14, 2008. No notice was given to petitioners of this new sale date. A sheriff's sale of petitioners' property was held on February 14, 2008, at which time the property was sold to Andrew Garban, Gary Byers, Scott Schamrock, and Thomas Rutherford, doing business under the name "Classic Four Group," for the sum

of $18,000. As of the date of the hearing, the sheriff of Centre County had not delivered a sheriff's deed to the Classic Four Group.

## DISCUSSION

Petitioners raise two grounds for asking that the sheriff's sale of their property be set aside: first, that they reasonably believed that they would be given actual notice of a rescheduled sheriff's sale and no such notice was provided to them; and second, that the property was sold for an inadequate price, substantially below its fair market value.

### I. *Actual Notice of the Rescheduled Sheriff's Sale Was Not Given*

In order for notice of a sheriff's sale of real property to be valid, it must be reasonably calculated to inform interested parties of the pending action, and the information necessary to provide an opportunity to present objections. *M & T Mortgage Corporation v. Keesler,* 826 A.2d 877 (Pa. Super. 2003). Notice of sheriff's sale of property is defective if the sale is continued indefinitely, no date certain is set, and no new notice of rescheduled sheriff's sale was given to the property owner. *First Eastern Bank N.A. v. Campstead Inc.,* 432 Pa. Super. 241, 637 A.2d 1364 (1994). Pursuant to Pa.R.C.P. 3129.2, the sheriff is required to post the subject property with the handbill and serve defendants with the notice of sale at least 30 days prior to the sale.

In the case at bar, a date certain was set for the initial sheriff's sale, November 8, 2007, and the petitioners were

served on August 30, 2007, with the notice of sale and handbill. Pa.R.C.P. 3129.3 allows a plaintiff to continue the sale, no more than twice, to a date within 130 days of the original sale date without providing new notice as required under Pa.R.C.P. 3129.2. This sale was postponed for 99 days until February 14, 2008. The court will treat this postponement as indefinite, however, because no date certain was set at the time of postponement and no subsequent notice was given to petitioners of the February 14, 2008 sheriff's sale. As of that date, petitioners believed that they were still in negotiations with respondent regarding resolving this matter. The court determines the respondent was required to notify the petitioners of the pending sheriff's sale 30 days prior to the February 14, 2008 sale.

II. *The Property Was Sold for an Inadequate Price*

The price at which the property is sold at the execution sale may constitute proper cause for setting aside the sale. *S & T Bank by Dalessio v. Dalessio,* 429 Pa. Super. 282, 288, 632 A.2d 566, 569 (1993). Mere inadequacy of the sale price of real estate is not sufficient to set aside a sheriff's sale. *Fidelity Bank v. Pierson,* 437 Pa. 541, 544, 264 A.2d 682, 684 (1970); *Continental Bank v. Frank,* 343 Pa. Super. 477, 485, 495 A.2d 565, 568 (1985). "[G]ross inadequacy" of price is the basis for setting aside such a sale. *Frank, supra* at 485, 495 A.2d at 568.

The petitioners had an appraisal of their property prepared by Roland D. Fisher, and the report was accepted by the court as petitioner's exhibit 1. The appraisal indi-

cates an appraised value of $89,000 by the sales comparison approach and of $81,250 by the income approach. The property's assessed value for tax purposes is $19,515. The property was sold at sheriff's sale for $18,000, which is 22 percent of the fair market value of the property when calculated with the more conservative income approach. Even considering the nature of an execution sale, with the concomitant likelihood of there being no other prospective bidders and no immediate other offers to secure a better price, this is an extremely low value for a property. Therefore, the court determines the sheriff's sale price of $18,000 to be grossly inadequate.

Accordingly, the following is entered:

## ORDER

And now, April 7, 2008, for the reasons set forth above, petitioners' petition to set aside sheriff's sale of real estate is granted.