J-S70043-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| GOLDMAN SACHS, CF SBC UST 3, LLC | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JOSE CEDENO, ALI S. SHAMAN J.A.C.C. EL BEY | |
| APPEAL OF: JOSE CEDENO | No. 1117 EDA 2015 |

Appeal from the Order March 12, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): March Term, 2012 No. 02454

BEFORE:  DONOHUE, J., LAZARUS, J., and PLATT, J.*

MEMORANDUM BY LAZARUS, J.:          **FILED DECEMBER 04, 2015**

Jose Cedeno appeals *pro se* from the order entered in the Court of Common Pleas of Philadelphia County denying his motion to set aside the sheriff's sale of the property located at 3101-03 Frankford Avenue in Philadelphia.  After our review, we affirm.

On March 21, 2012, Goldman Sachs, CF SBC UST 3, LLC ("CF"),[1] filed a complaint in mortgage foreclosure against Ali S. Shaman J.A.C.C. El Bey

---

* Retired Senior Judge assigned to the Superior Court.

[1] CF is the successor in interest to the original named plaintiff, Goldman Sachs, by virtue of a praecipe for voluntary substitution of party plaintiff filed with the trial court.  **See** Praecipe to Substitute Party, 1/25/13.

and Jose Cedeno ("Cedeno").[2]   Cedeno filed a motion to dismiss, which the trial court denied.  Cedeno filed an answer and new matter, and, thereafter, a motion for judgment on the pleadings.  CF filed a response to new matter and a motion for judgment on the pleadings.  The trial court denied CF's motion.  Thereafter, CF filed a motion for summary judgment.  The trial court denied that motion as well.  Following a September 23, 2013 pretrial conference, the court scheduled the matter for trial on March 10, 2014.

Following a two-day trial before the Honorable M. Teresa Sarmina, the court entered a verdict on March 12, 2014, in favor of CF for $95,306.64.  Cedeno filed a motion for reconsideration, which the court denied as untimely, and an appeal to this Court.  We quashed the appeal by order dated June 23, 2014.[3]

Thereafter, Cedeno filed for Chapter 7 bankruptcy, staying CF's foreclosure proceedings.  CF filed a motion with the Bankruptcy Court seeking to set aside the automatic stay, which was granted on September 17, 2014, and the property was sold to CF for $11,500.00 at sheriff's sale.  Cedeno filed a motion to set aside the sheriff's sale, which CF opposed.

---

[2] The mortgage is secured by the property located at 3101-03 Frankford Avenue, Philadelphia, Pennsylvania.

[3] On April 7, 2014, Cedeno filed a motion for reconsideration of the March 11, 2014 verdict.  The court denied the motion as untimely.  Cedeno then filed an appeal from the non-jury verdict of March 11, 2014, instead of appealing the *in rem* judgment dated March 25, 2014.  The appeal, therefore, was quashed by this Court by order dated June 23, 2014.

Following a hearing before the Honorable Linda Carpenter, Cedeno's motion to set aside the sale was denied. This appeal followed.

Cedeno raises the following issues on appeal:

1. Whether the court erred in determining that the purchase price was not grossly inadequate with respect to the value of the property?

2. Whether the court erred in failing to look at and consider the documents and evidence submitted in support of the motion in question?

3. Whether the court erred in failing to consider the fact that the trial court lacked jurisdiction, ab initio, as Goldman Sachs was not in possession of the subject Note and Mortgage at the time of filing the foreclosure action.

The decision to set aside a sheriff's sale is within the sound discretion of the trial court, and that decision will not be reversed on appeal unless there is a clear abuse of such discretion. *Fidelity Bank v. Pierson*, 264 A.2d 682 (Pa. 1970); *Bornman v. Gordon*, 527 A.2d 109 (Pa. Super. 1987); *Continental Bank v. Frank*, 495 A.2d 565 (Pa. Super. 1985).

As a general rule, the burden of proving circumstances warranting the exercise of the court's equitable powers is on the applicant, and the application to set aside a sheriff's sale may be refused because of the insufficiency of proof to support the material allegations of the application, which are generally required to be established by clear evidence.

*Bornman*, 527 A.2d at 111.

Mere inadequacy of the sale price of real estate is not sufficient to set aside a sheriff's sale. *Pierson*, 264 A.2d at 684; *Frank*, 495 A.2d at 569. However, it has long been established that "gross inadequacy" of price is a sufficient basis. *Capozzi v. Antonoplos*, 201 A.2d 420 (Pa. 1964); *Bell v.*

- 3 -

*Mock*, 197 A.2d 610 (Pa. 1963); *Hettler v. Shephard*, 191 A. 581 (Pa. 1937).

"The purpose of a sheriff's sale in mortgage foreclosure proceedings is to realize out of the land, the debt, interest, and costs which are due, or have accrued to, the judgment creditor." *Provident Nat'l Bank, N.A. v. Song*, 832 A.2d 1077, 1081 (Pa. Super. 2003). This Court has held that "the outstanding mortgage balance must be considered in determining the adequacy of the sale price." *Frank*, 495 A.2d at 569. Further, "[t]he presumption is that at a public sale the price received is the highest and best obtainable." *Blue Ball Nat'l Bank v. Balmer*, 810 A.2d 164, 166–67 (Pa. Super. 2002) (citations omitted).

Here, the trial court found that the property was valued at $110,000.00, with an outstanding principal mortgage balance of $49,000.00. The court determined that, notwithstanding interest, fees and other costs accumulated since the October 2009 default, that the sale price of $11,500.00 was not "grossly inadequate." Cedeno claims on appeal that the property should have been valued at $259,000.00. However, the value of $110,000.00 was determined at trial below, *see* Trial Court Opinion, 6/17/15, at 5,[4] and Cedeno points to nothing in the record to support a

---

[4] Both the trial court and CF refer to a hearing on the Motion to Set Aside Sheriff's Sale on March 12, 2015. *See* Trial Court Opinion, *supra* at 5-6; Appellee's Brief at 5. Cedeno, however, has neglected to include that transcript in the certified record on appeal. *See* Pa.R.A.P. 1911.

higher value. Further, he raises this new valuation for the first time on appeal. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). We find no clear abuse of discretion. **Pierson**, **supra**.

In his next claim, Cedeno argues the court had no jurisdiction to enter judgment in the foreclosure action because the assignment of the mortgage by Goldman Sachs to CF was made prior to the filing of the complaint in foreclosure, and, therefore, Goldman Sachs had no standing to file the complaint. The appeal here is from the order denying the motion to set aside the sheriff's sale. By contrast, any appeal challenging the underlying foreclosure proceedings must be filed from the judgment in mortgage foreclosure. Pursuant to Pa.R.A.P. 903(a), that notice of appeal must be filed "within 30 days after entry of the order from which the appeal is taken." Once that appeal is filed, the usual course is to stay the sheriff's sale until the underlying judgment in mortgage foreclosure is affirmed. **See**, **e.g., U.S. Bank N.A. v. Mallory**, 982 A.2d 986, 989 (Pa. Super. 2009) (noting that challenge to judgment in mortgage foreclosure resulted in sheriff's sale being stayed).

Because the basis of Cedeno's claim challenges the underlying judgment in mortgage foreclosure (and not the propriety of the sheriff's sale), the appeal of that issue needed to be filed within 30 days of the judgment in mortgage foreclosure. As noted above, Cedeno did file a motion for reconsideration and did file an appeal of that judgment in 2014,

but this Court quashed that appeal. The time for appeal in the foreclosure action is long past. *See In re: Condemnation of Urban Dev. Auth. of Pittsburgh*, 913 A.2d 178, 181 n.6 (Pa. 2006) (Pennsylvania courts view issue of standing as non-jurisdictional and waivable).

Finally, Cedeno claims that the trial court erred in failing to consider the fact that the trial court lacked jurisdiction, *ab initio*, as Goldman Sachs was not in possession of the subject note and mortgage at the time of filing the foreclosure action. Contrary to Cedeno's claim, the trial court did consider this jurisdictional question. *See* Trial Court Opinion, *supra*, at 4. The court stated:

> In the instant matter, Goldman Sachs satisfied the requisite elements of Pa.R.C.P. 1147(a) for an action in mortgage foreclosure and a copy of the mortgage was attached to the Complaint as Exhibit A. Additionally, any issues of service of the notice of the Sheriff's sale are unsupported by the record, as a representative of Cedeno was present on the day of the sale. *Further, all issues pertaining to the assignments of the mortgage were decided during the trial before the Honorable M. Teresa Sarmina and, thus, any challenges to Goldman Sachs' possession of the note and mortgage were not property raised before this Court in the instant Motion to Set Aside Sheriff's Sale.*

Trial Court Opinion, *supra* at 4-5 (footnotes omitted) (emphasis added).

We find no error or abuse of discretion, *Pierson*, *supra*, and we affirm the trial court's order denying Cedeno's motion to set aside sheriff's sale.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/4/2015</u>