J-S77017-18

## NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| WELLS FARGO BANK N.A. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES PATRICK MCKENNA | : | |
| | : | |
| Appellant | : | No. 1678 EDA 2018 |

Appeal from the Order Entered May 31, 2018
In the Court of Common Pleas of Montgomery County Civil Division at
No(s): 2016-07688

BEFORE: OTT, J., DUBOW, J., and STRASSBURGER*, J.

MEMORANDUM BY DUBOW, J.: **FILED MARCH 08, 2019**

Appellant, James Patrick McKenna, appeals *pro se* from the May 31, 2018 Order entered in the Montgomery County Court of Common Pleas denying his Motion to Set Aside Sheriff's Sale. After careful review, we affirm.

The facts and procedural history, as gleaned from the record, are as follows. On May 28, 2004, Appellant executed a mortgage and a promissory note in the amount of $230,680 on property located at 87 Fox Hollow Road in Pottstown, Montgomery County ("the Property"). The lender assigned the mortgage to Appellee, Wells Fargo Bank, N.A.

Appellant failed to make payments on the mortgage after November 1, 2015. On April 18, 2016, Appellee filed a mortgage foreclosure action seeking to recover the amounts owed. Following the close of the pleadings, Appellee filed a Motion for Summary Judgment. On September 5, 2017, the trial court granted summary judgment in favor of Appellee and entered an *in rem*

_____

* Retired Senior Judge assigned to the Superior Court.

Judgment against Appellant in the amount of $357,190.29. This Court quashed Appellant's *pro se* appeal from the September 5, 2017 Order for his failure to file a brief. **See Wells Fargo Bank, N.A. v. James Patrick McKenna, Jr.**, No. 3131 EDA 2017 (Pa. Super. filed April 4, 2018) (*per curiam*).

A sheriff's sale of the Property took place on February 28, 2018.[1] On March 5, 2018, Appellant filed a "Motion to Set Aside Sheriff's Sale and Vacate the Void Judgment." In his Motion, Appellant asked the court to set aside the February 28, 2018 sheriff's sale because the sale price was too low, and to vacate or set aside the underlying summary judgment, which he alleged was "inherently illegal." Motion, 3/5/18, at 2-3. On April 13, 2018, Appellee filed an Answer to Appellant's Motion.

The court held a hearing on Appellant's Motion on May 30, 2018, at which Appellant failed to appear. Following the hearing, the trial court denied Appellant's Motion, concluding that Appellant had not met his burden of establishing the existence of "proper cause" to set aside the sale.[2] The court also noted that Appellant's Motion focused on "issues unrelated to the issues properly before the court at this stage of the proceedings and fail[ed] to provide any applicable bases for setting aside a sheriff's sale." Trial Ct. Op.,

---

[1] Appellant had filed a Motion for Supersedeas and Stay of Writ pending appeal, which the lower court denied on February 7, 2018.

[2] The lower court docketed the May 30, 2018 Order denying Appellant's Motion on May 31, 2018.

7/5/18, at 3. The court highlighted Appellant's failure to allege that he did not receive notice of the sale and did not establish the "gross inadequacy of [the] price paid" by the purchaser. *Id.*

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

1. Is it a fundamental error of law that Pennsylvania courts do not issue a decree granting or denying the inherently discretionary relief in the "foreclosure of a mortgage" and "sale of the property by the Sheriff" under Pa.R.C.P. [No.] 1037(d) and only after proper petition?

2. Was the trial court required as a matter of law to vacate the underlying "mortgage judgment" obtained by summary judgment where the complaint itself failed to conform with a substantive rule of court at Pa.R.C.P. [No.] 1024 (a) & (c) in the verification of pleadings, and did this in effect allow a "champertous" suit to proceed in the name of an unverified plaintiff while actually underwritten by the nonparty debt collector?

3. Was the sheriff sale illegal or unlawful by "shorting" the Writ of Execution and selling the property for less than the total of "the judgment, interest and costs" as established in ***Kaib v. Smith***, 684 A.2d 630, 632 (Pa. Super. 1996), and did this "short sale" therefore fail to divest the mortgagor of his title as an "incomplete payment?"

4. Does the failure of Pennsylvania law to require "adequate compensation" at "fair price" for the "public taking" by a "public officer" in a "sheriff sale" make an unconstitutional breach of substantive property and due process rights?

5. Was the [Appellee's] mortgage judgment a clog on the equity of redemption for being twice the sale price and the court must therefore set aside the sheriff sale and that the failure to do so was a manifest abuse of discretion?

6. Does the failure of Pennsylvania law to guarantee sale price redemption make an unconstitutional breach of substantive property and due process rights, and that the court must therefore order sale price redemption as a matter of law analog to the procedure for "judicial tax sales" in this state?

7. Did the court err as a matter of law in refusing to vacate the mortgage judgment where the underlying Complaint failed to state any "grounds" for a mortgage foreclosure remedy as under Pa.R.C.P. [No.] 1146?

8. Was [Appellee's] failure to first present the mortgage note for exchange at the "place of payment" pursuant to the PUCC § 3-501 or to obtain a discharge as under **Gerber v. Piergrossi**[, 142 A.3d 854 (Pa. Super. 2016)] a *prima facie* fatal defect in the underlying complaint where negotiable instruments are personal claims barred in foreclosure cases under rules 1141, 1146 & 1148?

9. "Mortgage foreclosure" being the wrong form of action for "negotiable instruments" ("*in rem vs. in personam*"), did the court err as a matter of law by refusing to strike the "*in rem*" mortgage judgment that obtained on a fictitious and illegal personal obligation instead of setting forth the "assignments of mortgage debt" as the "real interested party" as under Pa.R.C.P. [No.] 1147?

10. Is it an error of law where real estate is inherently excluded from negotiable collateral by definition and therefore impossible to state a claim for which relief could be granted, relating to both the "Uniform Commercial Code" in the same cause of action as for "*In Rem* mortgage foreclosure against land parcels" especially where land is an immovable thing and negotiable instruments relate to tokens of exchange for things which are actually moveable?

11. Is a Pennsylvania trial court bound by the Supremacy Clause of the United States Constitution to "make nothing by gold or silver tender for debt" as under Article 1 Section 10 United States Constitution, and therefore all banking debts based on the expansion of credit-entries are fictitious claims that cannot be given the substance of law unless the courts will render judgment in the value of lawful United States gold or silver money?

12.  Was it therefore in light of the total circumstances more efficient and reasonable to exercise the power of sound discretion and impose a "constructive trust" or to recognize that the modern banking relationship is a 'resulting trust' where the mortgagor is actually a securitization trustor with the right or equity to see a continuation of the underlying FDIC "fair value" guarantee, along with a substantial vicarious interest in the benefits of the FDIC "80% loss sharing" arrangement as plead within the underlying Motion?

Appellant's Brief at 11-15 (some capitalization and italics omitted).

Before we address the merits of Appellant's issues, we consider whether they are properly before us. Appellant indicated in his Notice of Appeal in the instant action that he only sought relief from the Court's May 31, 2018 Order denying his Motion to Set Aside Sheriff's Sale. However, our review of Appellant's Brief indicates that his first, second, seventh, eighth, ninth, tenth, eleventh, and twelfth issues concern the court's September 5, 2017 entry of summary judgment and *in rem* Judgment in Appellee's favor, and not the Order that gave rise to the instant appeal, *i.e.*, the May 31, 2018 Order denying his Motion to Set Aside Sheriff's Sale. As noted **supra**, Appellant previously appealed to this Court from the September 5, 2017 final Order. This Court, however, quashed Appellant's appeal when he failed to file a brief. Consequently, Appellant forfeited his right to raise any claims challenging the September 5, 2017 final Order as the appeal period has passed. **See** Pa.R.A.P. 903(a) ("[T]he notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken.").

Thus, we decline to address the merits of the claims presented at Issues 1, 2, 7, 8, 9, 10, 11, and 12.

We also decline to address the merits of Appellant's Issue 6, which he presents as follows: "Does the failure of Pennsylvania law to guarantee sale price redemption make an unconstitutional breach of substantive property and due process rights, and that the court must therefore order sale price redemption as a matter of law analog to the procedure for 'judicial tax sales' in this state?" Appellant's Brief at 13. Rule of Appellate Procedure 2119(a) requires that an appellant divide the argument section of his brief into as many parts as there are questions to be argued. **See** Pa.R.A.P. 2119(a). Appellant has not, however, included in his Brief an argument section corresponding with his Issue 6. Thus, we find that Appellant has waived this issue. **See Branch Banking and Trust v. Gesiorski**, 904 A.2d 939, 942-43 (Pa. Super. 2006) ("When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review[,] a Court will not consider the merits thereof.").

Next, we turn to the merits of Appellant's claims that pertain to his Motion to Set Aside Sheriff's Sale.

We review the denial of a motion to set aside a sheriff's sale for an abuse of discretion. **See Irwin Union Nat. Bank and Trust Co. v. Famous**, 4 A.3d 1099, 1102 (Pa. Super. 2010). "[T]he relevant inquiry is whether proper cause has been shown to set aside the sheriff's sale." **Id.** (citation omitted); **see also** Pa.R.C.P. No. 3132. The burden of establishing proper cause by clear and convincing evidence lies with the petitioner. **See id.** "Sheriff's sales have been set aside where the validity of the sale proceedings is challenged,

- 6 -

a deficiency pertaining to the notice of the sale exists, or where misconduct occurs in the bidding process." *Id.* (citation omitted).

In Appellant's third and fifth issues, he baldly asserts that the sheriff's sale was "illegal" because the sale proceeds were less than the amount of the Judgment entered against him. Appellant's Brief at 45-47, 49-59.

Mere inadequacy of the sale price of real estate is not sufficient to set aside a sheriff's sale. *Fidelity Bank v. Pierson*, 264 A.2d 682, 684 (Pa. 1970); *Continental Bank v. Frank*, 495 A.2d 565, 568-69 (Pa. Super. 1985). However, it has long been established that "gross inadequacy" of price is a sufficient basis. *Capozzi v. Antonoplos*, 201 A.2d 420 (Pa. 1964). The presumption is that at a duly advertised public sale the price received is the highest and best obtainable. *Blue Ball Nat. Bank v. Balmer*, 810 A.2d 164, 167 (Pa. Super. 2002).

With respect to Appellant's challenge to the adequacy of the sale price, the trial court found that Appellant failed to establish the "gross inadequacy of price paid." Trial Ct. Op. at 3. It emphasized that Appellant failed to attend the hearing on his Motion to Set Aside Sheriff's Sale, and, thus, did not provide any evidence to support his claim. *See id.* We agree with the trial court. Thus, Appellant's claims raised in Issues 3 and 5 do not warrant relief.

In his fourth issue, Appellant claims that the sheriff's sale amounted to a public taking of his private property for which he was entitled to compensation. Appellant's Brief at 47-49. Appellant has not supported this averment with citation to any relevant authority. Appellant has, therefore,

waived this claim. **See** Pa.R.A.P. 2119(a); **Connor v. Crozer Keystone Health Sys.**, 832 A.2d 1112, 1118 (Pa. Super. 2003). (citation omitted) ("Where the appellant has failed to cite any authority in support of a contention, the claim is waived.").

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/8/19